## Richmond

### DAVID JOE BRYANT v. COMMONWEALTH OF VIRGINIA.

December 1, 1975.

Record No. 750183.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Henry A. Whitehurst* (*Gillis, Whitehurst & Obenshain,* on brief), for plaintiff in error.

*Stuart Bateman, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

David Joe Bryant was found guilty by a jury of rape and was sentenced to serve five years in the penitentiary. We have limited his appeal to a consideration of the action of the court below in refusing to grant an instruction tendered by the defendant.

The background of this case is that the victim, age twenty-one, married, and a resident of Roanoke, frequented a roadhouse known as the Christiansburg Grill in Montgomery County during the early morning hours of May 19, 1974. The victim talked with several men about the possibility of one of them taking her home. She finally

accepted a ride with the defendant Bryant and his friend, Jerry Carden. It was during that ride that she is alleged to have been raped by both men. It suffices to say that while the testimony of the witnesses was in conflict, and the case was properly submitted to the jury, the evidence of defendant's guilt was not overwhelming. The defendant did not deny the act of intercourse with the prosecutrix but claimed most strongly that the act was with the consent of the victim and that no force was necessary or was used.

■ We observe here, as we did in *Dunn, et al.* v. *Strong, et al.*, 216 Va. 205, 207, 217 S. E. 2d 831, 833 (1975):

"[T]he case is very close upon the facts and is one peculiarly for a jury. As was said in *Virginia Ry. & P. Co.* v. *Burr*, 145 Va. 338, 348, 133 S. E. 776, 779 (1926), 'It is a case, therefore, in which the instructions should have been most carefully drawn. . .' ".

The Commonwealth was granted six instructions, all being of a type usually granted in rape cases. The court granted the defendant two instructions, one dealing with the burden of proof and the other with the presumption of innocence. Among defendant's four instructions which were refused was Instruction A-1, which reads as follows:

"The Court instructs the jury that if they believe from the evidence presented that [victim's name], a married woman, over the age of 21 years, married, a resident of Roanoke, Virginia, after having arrived in Christiansburg, Virginia, at 12 o'clock midnight, unaccompanied by her husband thereafter formulated a plan in which she solicited or offered to engage in voluntary sexual intercourse with Larry Smith and Sammy Epperly in return for transportation to Roanoke, Virginia; thereafter, after having engaged in voluntary sexual intercourse with Sammy Epperly and Larry Smith wherein of her own free will she disrobed and placed herself in a parked automobile; thereafter returning to the Christiansburg Truckstop, a well-lit area, where other persons were present including a friend and at a place where a public telephone was readily available, without attempting to telephone her husband, family or police; and again thereafter solicited or offered voluntary sexual intercourse to David Denton in return for transportation to Roanoke, Virginia, which was refused; and again thereafter offering voluntary sexual intercourse to Joseph Ray Bonds in return for transportation to Roanoke, Virginia, which was refused; and having

failed in her efforts to solicit transportation in return for voluntary sexual intercourse offered the same to Jerry Carden and David Bryant in return for transportation to Roanoke and prior to leaving the Christiansburg Truckstop with David Bryant and Jerry Carden showed proof of her age upon request; thereafter entered the automobile voluntarily; and at a later time voluntarily entered the rear seat of the automobile with Jerry Carden; thereafter engaging in voluntary sexual intercourse with him; and subsequent to that act of voluntary sexual intercourse, engaged in sexual intercourse with David Bryant after having voluntarily removed her clothing and making no complaint as to any sexual activity, you must find David Bryant not guilty."

We agree with the Attorney General that this instruction is argumentative, confusing and potentially misleading. However, had the jury believed that the defendant's evidence established the various allegations contained in the instruction, it should have found him not guilty. Although we have repeatedly said that instructions should be simple, impartial, clear and concise, we also have at times approved instructions that were as lengthy and narrative in style as A-1 offered by defendant. *See Campbell* v. *Commonwealth,* 162 Va. 818, 826, 174 S. E. 856, 860 (1934); *Jones* v. *Commonwealth,* 187 Va. 133, 143-44, 45 S. E. 2d 908, 912 (1948).

The Commonwealth's case consisted of the testimony of the prosecutrix and a physician who examined her. The defendant's sole defense was consent by the prosecutrix, and he introduced supportive testimony. No instruction was granted which specifically dealt with the element of consent. The most that can be said is that Commonwealth's Instruction No. 1, by noting the requirement of force, inferred that consent would be a defense. There was sufficient evidence of consent by the prosecutrix to justify an instruction specifically directed to such defense. Instruction A-1 could easily have been amended, eliminating therefrom so much of the language as was argumentative, confusing and improper. Further, the defendant tendered Instructions A-2 and A-3 which the court refused.[1] These instruc-

---

[1] A-2 reads:
"The Court instructs the jury that if upon a fair and impartial consideration of the evidence in the case you believe that an act of carnal intercourse took place between David Bryant and [victim's name] with her consent and further you believe that the act of sexual intercourse was accomplished without force on the part of David Bryant you, the jury, may find him guilty of fornication and fix his punishment accordingly."

tions could also have been amended to accomplish the same purpose that Instruction A-1 was designed to accomplish.

■ In *Whaley v. Commonwealth*, 214 Va. 353, 355-56, 200 S. E. 2d 556, 558 (1973), this Court, speaking through Mr. Justice I'Anson, now Chief Justice, noted:

> "We adhere to the rule that the trial court is not required to amend or correct an erroneous instruction, but the rule is subject to the limitation that when the principle of law is materially vital to a defendant in a criminal case, it is reversible error for the trial court to refuse a defective instruction instead of correcting it and giving it in the proper form. A jury should not be left in the dark on the subject. *Nelson v. Commonwealth*, 143 Va. 579, 589-91, 130 S. E. 389, 392 (1925); *Sims v. Commonwealth*, 134 Va. 736, 759-60, 115 S. E. 382, 390 (1922)."

An instruction on consent was crucial to Bryant's sole defense. We cannot find that the instructions granted by the court sufficiently informed the jury that if the act of intercourse was consensual there could not be a conviction.

We, therefore, reverse and remand for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

---

A-3 reads:
"The Court instructs the jury that if upon a fair and impartial consideration of the evidence in the case you believe that an act of carnal intercourse took place between David Bryant and [victim's name] then it becomes the duty of the jury to determine whether or not such carnal intercourse was accomplished by force and against the will of the prosecutrix or otherwise and if the jury entertain a reasonable doubt as to whether it was accomplished by force and against the will of the prosecutrix such doubt is decisive and must be resolved in favor of David Bryant and it is the duty of the jury to find David Bryant not guilty of the crime of rape."