21 F.3d 424
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Joshua Michael SAMSON, a/k/a Michael S. Edwards, Petitioner-Appellant,
v.
WARDEN, of Mecklenburg, Respondent-Appellee.
 No. 92-7141.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1994.
Decided April 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-1606-AM)
 Thomas Ross Haggard, University of South Carolina Law Center, Columbia, SC, for appellant.
 Donald Richard Curry, Senior Asst. Atty. Gen., Office of the Attorney General, Richmond, VA, for appellee.
 Stephen D. Rosenthal, Atty. Gen., Office of the Attorney General, Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner Joshua Michael Samson seeks habeas corpus relief from his 1988 conviction for rape and sodomy. The District Court dismissed his petition. On appeal, Petitioner contends that his Fifth Amendment rights were violated because the prosecutor improperly commented on his failure to testify. He also contends that he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney failed to object to the prosecutor's comments and failed to request a jury instruction on consent. We affirm.
 
 I.
 
 2
 On December 9, 1987, Linda Naylor met Petitioner Samson,* when Samson asked directions to a nightclub. They spent several hours together, drinking and talking at the nightclub and at Samson's aunt's house. When Naylor got into her car to leave, Samson forced himself into the front seat next to her and drove the car. When Samson stopped the car, he tore off Naylor's jeans and ordered her to remove her shoes. He then engaged in forcible oral, anal, and vaginal intercourse with Naylor. Naylor testified that she did not resist because she was afraid of Samson and reported the events to the police the following day. Samson was charged with one count of rape and two counts of sodomy.
 
 
 3
 At the trial, defense counsel elected not to present any evidence or testimony. During closing argument, the prosecutor made several references to the state's "unrebutted" evidence. JA 176-83 & 205. Defense counsel did not object to these statements. Instead, defense counsel responded in his closing argument by pointing out that a criminal defendant is not required to testify and explained that rebuttal can come from cross-examination and from poking holes in the state's case, and in that sense, Samson had rebutted the state's evidence. JA 184-85. Defense counsel then went on to explain how the circumstances surrounding the events showed that Naylor had consented to the sexual acts. JA 185-203. Defense counsel submitted eight jury instructions, but did not proffer a separate instruction on consent.
 
 
 4
 Samson was convicted on all counts and was sentenced to twenty-seven years. He appealed his conviction. On direct appeal, Samson argued only that the evidence was insufficient to support his conviction. JA 218-25 & 227-34. The Virginia Court of Appeals rejected his claim, Edwards v. Commonwealth, No. 0700-88-4 (Cir. Ct. of Fairfax County, Dec. 30, 1988), and the Virginia Supreme Court refused to hear the appeal. Edwards v. Commonwealth, No. 890132 (Va. May 10, 1989). Samson did not file a petition for certiorari in the United States Supreme Court.
 
 
 5
 Samson subsequently filed a pro se state habeas petition. JA 239. The state petition raised, among other claims, the substantive Fifth Amendment claim. Id. p 9. Samson amended his petition, omitting the substantive claim. His amended petition raised the prosecutor's purported improper comments only in the context of an ineffective assistance of counsel claim premised on defense counsel's failure to object. JA 244-46. The amended petition also challenged defense counsel's failure to request a jury instruction on consent. The Supreme Court of Virginia denied his petition, specifically finding that the ineffective assistance claims were without merit. Edwards v. Smith, No. 901387 (Va. Mar. 21, 1991).
 
 
 6
 Samson then filed his federal habeas petition. The petition raised a number of claims, all of which were rejected by the District Court. Samson v. Warden of Mecklenburg, No. 91-1606-AM (E.D. Va. Oct. 26, 1992). Samson raises only the Fifth and Sixth Amendment claims on this appeal.
 
 II.
 A. Substantive Fifth Amendment Violation
 
 7
 Samson failed to raise his substantive claim concerning the prosecutor's remarks on the direct appeal of his conviction. The Virginia courts would not consider this claim in a habeas petition because it was not raised on direct appeal, Slayton v. Parrigan, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1985), and a federal court will not review a habeas claim that has not been raised at the state level. Teague v. Lane, 489 U.S. 288 (1989). Accordingly, the claim cannot be considered by this Court.
 
 
 8
 Samson argues that he effectively raised the substantive Fifth Amendment claim in his original state habeas petition. His federal habeas petition, however, challenges the prosecutor's comments only in the context of his ineffective assistance of counsel claim. This Court has recently stated that habeas claims must be raised in the District Court to be considered on appeal. Spencer v. Murray, 5 F.3d 758, 762 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3574 (U.S. Feb. 28, 1994). Assuming, arguendo, that the state petition fairly raised the claim, Samson's failure to raise this issue in the District Court bars consideration of the claim on appeal.
 
 B. Ineffective Assistance of Counsel
 
 9
 Samson's two Sixth Amendment claims concern counsel's failure to object to the prosecutor's comments and failure to request a separate jury instruction on consent. To prevail on these claims, Samson must show that counsel's performance was objectively deficient and that it resulted in actual prejudice, meaning "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Reasonable probability means "a probability sufficient to undermine confidence in the outcome." Id. Petitioner must establish both elements to prevail on his claims. Id. at 687. The District Court ruled that it was required under Teague v. Lane, 489 U.S. 288 (1989), to give deference to the Virginia Supreme Court's decision that Samson's Sixth Amendment claims lacked merit. We need not decide what level of deference, if any, should be accorded the state court decision in this case because Samson's claims cannot survive de novo review.
 
 
 10
 Turning first to the prosecutor's comments, defense counsel elected to address this issue in his own closing argument, rather than objecting or moving for a mistrial during the state's argument. Defense counsel did not ignore the prosecutor's remarks, and his method of responding is the type of tactical decision that cannot be second-guessed by a court after the fact. See, e.g., Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir.1991) (Monday morning quarterbacking of trial tactics is prohibited under Strickland ), dismissal of habeas petition aff'd, 983 F.2d 1057 (4th Cir.) (table); cert. denied, 113 S.Ct. 1069 (1993); Evans v. Thompson, 881 F.2d 117, 125 (4th Cir.1989) (decision not to object to prosecutor's comments is a tactical decision), cert. denied, 497 U.S. 1010 (1990). As a consequence, this claim is rejected under Strickland 's two-pronged test.
 
 
 11
 Samson's second claim is that his defense counsel failed to request a separate jury instruction on consent. Although the failure to give such an instruction if requested is an error of state law, see, e.g., Bryant v. Commonwealth, 219 S.E.2d 669 (Va.1975), counsel's failure to ask for such an instruction in this case did not result in prejudice. The trial court instructed the jury as follows: (1) the state must prove each element of each offense beyond a reasonable doubt (jury instruction A); and (2) the elements of rape and sodomy include the requirement that the sexual acts occur against the individual's will and by force, threat, or intimidation (jury instructions B-D). JA 208-11. To convict Samson, the jury had to find beyond a reasonable doubt that Samson performed the sexual acts at issue against Naylor's will and by force, threat, or intimidation. This implicitly, if not directly, required the jury to find beyond a reasonable doubt that Naylor had not consented to the acts. As a consequence, Samson has not established that the outcome of this case would have been different had a separate consent instruction been given, and his petition again fails the Strickland test.
 
 III.
 
 12
 Samson cannot establish the elements of an ineffective assistance of counsel claim under Strickland, and his substantive Fifth Amendment claim is barred. Accordingly, the judgment of the District Court is affirmed.
 
 AFFIRMED
 
 
 *
 At that time, Samson was known as Michael Shawn Edwards