COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Elder,
          Annunziata, Bumgardner, Frank, Clements, Felton and
          Kelsey
Argued at Richmond, Virginia


CHRISTOPHER CHARLES GAINES
                                            OPINION BY
v.   Record No. 0839-01-1       JUDGE RUDOLPH BUMGARDNER, III
                                          JANUARY 14, 2003
COMMONWEALTH OF VIRGINIA

                   UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   A. Joseph Canada, Jr., Judge

          Keith Loren Kimball (Colgan, Kimball &
          Carnes, on brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          briefs), for appellee.


     A jury convicted Christopher Charles Gaines of manslaughter

on an indictment for first degree murder.  It also convicted him

of the use of a firearm while committing murder.  The defendant

only appealed his conviction of the firearm charge, which a

divided panel of this Court reversed.  Gaines v. Commonwealth,

38 Va. App. 326, 563 S.E.2d 410 (2002).  We granted the

Commonwealth a rehearing en banc and stayed the mandate of that

decision.  Upon rehearing en banc, we affirm the conviction.

     The murder and firearm charges arose from a dispute that

began when the defendant felt cheated in a drug purchase.  The

argument with his suppliers ended when the defendant shot the

victim in his back at a distance of 98 feet.  The single shot was lethal.  The defendant contends the trial court erred by refusing an instruction intended to prevent inconsistent verdicts.[1]

The finding instruction on first degree murder followed the format suggested in Model Jury Instructions - Criminal Instruction 33.700.  It stated the elements of first degree murder in outline form using a separate numbered clause for each element.  It also defined the lesser-included offenses by reference to the presence or absence of one of those clauses.  The instruction outlined the elements of both degrees of manslaughter.  The trial court gave separate instructions

---

[1] The court granted Instruction 21, which provided, in part:

> The Court instructs the jury that the defendant is charged with the crime of using a firearm while committing or attempting to commit murder.  The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
> (1) That the defendant used a firearm; and  (2) That the use was while committing or attempting to commit murder [(not manslaughter)].*
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty . . . .

* The defendant's proposed modification appears in brackets.

- 2 -

defining malice and explaining that malice was the difference between murder and manslaughter.

The finding instruction on use of a firearm while committing murder also followed the format suggested in Model Jury Instructions - Criminal.[2] It stated the two elements of the offense in separate numbered clauses. The offense consists of two elements: (1) use of a firearm; (2) while committing murder, rape, robbery, burglary, or abduction. Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994); Davis v. Commonwealth, 4 Va. App. 27, 30, 353 S.E.2d 905, 907 (1987). The instruction must specify one of the designated felonies. Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979).

The instruction given to the jury was a correct finding instruction for the facts of this case. It was an accurate and precise statement of the law. It specified the burden of proof and the degree of proof, it listed each element of the offense, and it defined the verdicts dictated by the possible alternative findings of fact. The instruction was not misleading or

---

[2] The instruction was crafted from Instruction G18.700. That format appeared in Johnson v. Commonwealth, 20 Va. App. 547, 549-50, 458 S.E.2d 599, 600 (1995) (en banc). Though that appeal addressed a situation involving inconsistent verdicts, the decision never suggested that the pattern instruction was incorrect or incomplete, nor did it suggest the instruction was a proper vehicle for instructing about inconsistent findings.

confusing.  The defendant acknowledges the instruction as given was a correct statement of the law, and he does not contend that his revision modified its statement of the substantive law.

The instruction given succinctly stated that to convict the defendant of the firearm offense, the jury must find he was committing murder.  The instruction did not permit inconsistent verdicts.  Instructions should be "simple, impartial, clear and concise . . . ."  Bryant v. Commonwealth, 216 Va. 390, 392, 219 S.E.2d 669, 671 (1975).  When they are, they do not need clarification.  Joseph v. Commonwealth, 249 Va. 78, 89-90, 452 S.E.2d 862, 869-70 (1995).

A trial judge does not abuse his discretion by failing to modify a correct statement of the law on the mere chance that a jury may not follow clearly written instructions.  We presume the jury will understand, Rinehart & Dennis Co. v. Brown, 137 Va. 670, 680, 120 S.E. 269, 272 (1923), and will follow their instructions, LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).

The defendant proffered a minor modification to the instruction that appended the parenthetical phrase "(not manslaughter)" to the second element of proof.  The defendant maintained the modification was a clearer statement of the law because it would prevent the possibility of inconsistent verdicts.

The modification adopted the precise wording of the original instruction,[3] and only amended it by stating the antithesis. It appended a negative formulation to the affirmative statement of an element of proof. While the modification restated as a negative that which was already stated in the affirmative, it added no substance, no refinement, no nuance to the principle of law. Cf. Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (error to refuse to instruct on elements of shooting offense); Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (error to refuse instruction that defendant has no burden of proof when he raised the defense of accident because Commonwealth has burden to prove killing not an accident).

The defendant's instruction was no more or less correct than the instruction given. While it "was a correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it." Lincoln v. Commonwealth, 217 Va. 370, 375, 228 S.E.2d 688, 692 (1976). "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing

---

[3] Both instructions referred to an attempt to commit murder though the facts did not fit that alternative. If the inclusion of those words was error, it was either invited or objection was waived.

- 5 -

another instruction relating to the same legal principle." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984). See also Joseph, 249 Va. at 90, 452 S.E.2d at 870; Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 396 (1990).

The instructions clearly stated that murder was necessary to convict for the firearm charge. The defendant chose not to argue that to the jury. He did not request a separate cautionary instruction explaining that if the jury acquitted of murder, it must acquit of the firearm charge. As noted in Wolfe v. Commonwealth, 6 Va. App. 640, 645, 371 S.E.2d 314, 316 (1988), "there are sound tactical reasons why an accused would not desire such an instruction and thus permit the jury to show leniency in convicting him of a lesser included offense of the primary felony; i.e., in this case voluntary manslaughter rather than murder."

"The trial judge has broad discretion in giving or denying instructions requested." John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995). It was not an abuse of discretion to fail to give a cautionary instruction sua sponte in this case because tactically the defendant may not have wanted the point emphasized. "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v.

- 6 -

Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

General verdicts permit the existence of inconsistent verdicts. A jury may acquit of the primary charge, but the findings necessary to make that decision logically prohibit a finding of guilt on a secondary charge. When deciding the primary charge, the jury found something not true that must be true to establish the secondary charge.

A separate instruction would have been one proper way to instruct the jury on the problem of inconsistent verdicts. The instruction needed to compel the logical relationship between the elements of the primary and the secondary offenses as defined in the respective finding instructions. The possibility of inconsistent verdicts would have been avoided with an instruction that linked the two charges: if you find the defendant not guilty of murder, then you shall find him not guilty of use of a firearm while committing murder.

The defendant tried to address the problem by modifying the finding instruction for the secondary charge. He specified one possible negative to the preceding affirmative declaration, but that did not effectively guide the jury. A finding instruction must be complete in itself. Outlaw v. Pearce, 176 Va. 458, 469, 11 S.E.2d 600, 605 (1940). Such a modification would need to list every alternative that applied to the case. In this case,

- 7 -

it should have listed the not guilty alternative as well as lesser-included offenses.  Even if the two word modification was sufficient, that technique would create problems in many cases.  The list of negative alternatives could easily be lengthy and turn a precise statement of law into a cluttered and confusing one.  The defendant's instruction was not a proper way to address the problem that he sought to avoid, and he chose not to request a separate cautionary instruction.

Finally, the defendant contends the trial court erred in failing to set aside the firearm conviction.[4]  He does not challenge the sufficiency of the evidence, and he acknowledges that inconsistent verdicts have been approved.  He argues that they cannot be approved in this case because the trial court erred in not granting his instruction.  Because we have concluded the trial court did not err in refusing the defendant's instruction, the premise of the argument fails and cannot form the basis for overturning the verdict.

Consistency in jury verdicts is not required.  <u>Dunn v. United States</u>, 284 U.S. 390, 394 (1932).

> Inconsistent verdicts . . . present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored.  Given this uncertainty, and the fact that

---

[4] The panel opinion did not reach this argument since it found reversible error on the first issue.

- 8 -

> the [Commonwealth] is precluded from
> challenging the acquittal, it is hardly
> satisfactory to allow the defendant to
> receive a new trial on the conviction as a
> matter of course.

United States v. Powell, 469 U.S. 57, 65 (1984).  Moreover, because Virginia is "'more careful than most states to protect the inviolability and secrecy of jurors' deliberations,' a court, in a case like this, is unlikely to discover what motivated the jury."  Reed v. Commonwealth, 239 Va. 594, 598, 391 S.E.2d 75, 77 (1990) (affirming conviction of use of firearm during commission of robbery when defendant is acquitted of robbery) (quoting Caterpillar Tractor Co. v. Hulvey, 233 Va. 77, 82, 353 S.E.2d 747, 750 (1987)).  See also Wolfe, 6 Va. App. at 650, 371 S.E.2d at 319-20 (affirming convictions of voluntary manslaughter and use of a firearm in the commission of murder); Gray v. Commonwealth, 28 Va. App. 227, 233, 503 S.E.2d 252, 255 (1998) (affirming convictions of involuntary manslaughter and use of a firearm in the commission of murder).

We conclude the trial court did not err in refusing the defendant's instruction or in refusing to set aside the firearm conviction.  Accordingly, we affirm.

Affirmed.

Fitzpatrick, C.J., with whom Elder and Benton, JJ., join, dissenting.

I respectfully disagree with the majority and, therefore, I dissent.

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).

Virginia law regarding inconsistent verdicts is well settled.

> As this Court has held, "[t]he fact that verdicts may, on their face, arguably appear inconsistent does not provide a basis to reverse either conviction on appeal, provided the evidence is sufficient to support each verdict." Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993) (citing United States v. Powell, 469 U.S. 57, 66 . . . (1984) (emphasis added)). "Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense." Pugliese, 16 Va. App. at 96, 428 S.E.2d at 26.

*Tyler v. Commonwealth*, 21 Va. App. 702, 708, 467 S.E.2d 294, 296 (1996) (footnote omitted).  A trial court, however, should not give a jury instruction "which incorrectly states the applicable law or which would be confusing or misleading to the jury." *Bruce v. Commonwealth*, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990) (emphasis added).

Gaines attempted to prevent an inconsistent jury verdict by including in his proffered instruction a qualification or modification to the model jury instruction which more clearly told the jury that in order to find him guilty of use of a firearm during the commission of murder, it must conclude that he committed murder and not manslaughter.  I agree with the majority that Gaines's instruction could have been more artfully drafted as a separate instruction that "linked the two charges" and specifically stated, "if you find the defendant not guilty of murder, then you shall find him not guilty of the use of a firearm charge while committing murder."  Gaines's proffered instruction, however, properly states the law and covers the factual scenario at bar.

In pertinent part, Code § 18.2-53.1 provides that:

> It shall be unlawful for any person to use or attempt to use any . . . firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, forcible sodomy, inanimate or animate object sexual penetration as defined in § 18.2-67.2, robbery, carjacking, burglary, malicious wounding as defined in § 18.2-51, malicious bodily injury to a

- 11 -

> law-enforcement officer as defined in
> § 18.2-51.1, aggravated malicious wounding
> as defined in § 18.2-51.2, malicious
> wounding by mob as defined in § 18.2-41 or
> abduction.

A violation of the statute only occurs when a firearm is used during the commission of the specified felonies and does not occur if the predicate felony is manslaughter rather than murder. See Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979). By specifically requesting an instruction that told the jury a violation of the statute would not occur if the jury believed Gaines had committed manslaughter and not murder, Gaines stated the applicable law clearly and also attempted to avoid the confusion that resulted from using the model instruction in this case.

In Gray v. Commonwealth, 28 Va. App. 227, 503 S.E.2d 252 (1998), we affirmed a similarly inconsistent verdict after the jury acquitted Gray of murder but found him guilty of the use of a firearm in the commission of murder. In that case, however, defense counsel did not object to the use of the model jury instruction at the guilt phase and did not proffer an instruction that more precisely stated the law to prevent the recurring problem of inconsistent verdicts. The question in Gray was only whether "the trial court erred in refusing to instruct the jury, while it was deliberating during the sentencing phase, that if it acquitted [Gray] of murder, it should not find him guilty of" the firearm charge. Id. at

- 12 -

229-30, 503 S.E.2d at 253.  We held that "the jury did not possess the authority to revisit the findings of guilt" and, therefore, the trial judge did not err in refusing to instruct the jury that it could reconsider at the sentencing phase its prior guilt verdict.  Id. at 234, 503 S.E.2d at 255.

In Wolfe v. Commonwealth, 6 Va. App. 640, 371 S.E.2d 314 (1988), we also affirmed the inconsistent jury verdicts of voluntary manslaughter and use of a firearm in the commission of murder.  In that case we concluded that mere inconsistency of verdicts did not bar Wolfe's conviction of use of a firearm in the commission of murder.  Id. at 650, 371 S.E.2d at 319.  We also specifically "not[ed] that Wolfe did not seek a cautionary instruction that if the jury acquitted him of murder, they should then find him not guilty of use of a firearm in the commission of murder."  Id. at 645, 371 S.E.2d at 316.  This case is distinguishable from both Gray and Wolfe because Gaines attempted, to no avail, to prevent the same inconsistent result by proffering an instruction that more accurately stated the law than the one proffered by the Commonwealth and given by the trial court.

By refusing Gaines's instruction, the trial court abused its discretion.  Had the trial court granted appellant's requested instruction, the jury would have been precisely instructed, consistent with the law, that it could not find Gaines guilty of use of a firearm in the commission of murder

- 13 -

when it acquitted him of murder and found him guilty of the offense of manslaughter.  Thus, I would reverse and dismiss the conviction.

Benton, J., dissenting.

I fully concur in the dissenting opinion. I write separately only to note that this case dramatically demonstrates why an instruction offered to prevent inconsistent verdicts should be granted whenever multiple charges present a realistic possibility of inconsistent verdicts.

The finding instruction on the firearm charge did not inform the jury that it is applicable only if the jury convicted Gaines of murder or attempted murder. Thus, the judge's failure to instruct the jury, as requested by Gaines, that a finding of manslaughter required the jury to find Gaines not guilty of the firearm charge had the effect of creating an ambiguity because Instruction 18 informed the jury as follows:

> The Court instructs the jury that you are instructed that it is unlawful for any person to handle recklessly any firearm so as to endanger the life, limb or property of any person.

In short, the jury had a basis upon which to infer, contrary to the provisions of Code § 18.2-53.1, that because Gaines handled a firearm unlawfully while committing manslaughter, Gaines was also guilty of the firearm offense.

The overriding purpose of jury instructions is to inform the jury of the applicable law in a manner that will aid the jury in reaching a proper verdict. See Cooper v. Commonwealth, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986). Thus, the Supreme Court has "frequently held that the giving of

- 15 -

instructions which are confusing or which tend to mislead the jury because of ambiguity or for any other reason is reversible error." State Highway & Transp. Comm'r v. Allmond, 220 Va. 235, 241-42, 257 S.E.2d 832, 836 (1979). See also Simmons v. Adams, 202 Va. 926, 932, 121 S.E.2d 379, 383-84 (1961); Scott's Executor v. Chesterman, 117 Va. 584, 615, 85 S.E. 502, 512-13 (1915). In addition, "when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter." Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991). This means the judge has an obligation to amend, if necessary, the proffered instruction. Bryant v. Commonwealth, 216 Va. 390, 393, 219 S.E.2d 669, 671-72 (1975); Blevens v. Commonwealth, 209 Va. 622, 628, 166 S.E.2d 325, 330 (1969). The trial judge commits error by not instructing the jury on a matter when, in the absence of such instruction, the jury may make findings based upon a mistaken belief of the law. See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).

Accordingly, I would reverse the conviction and dismiss the indictment.

                                              Tuesday        16th

        July, 2002.


Christopher Charles Gaines,                                    Appellant,

  against       Record No. 0839-01-1
               Circuit Court No. CR00-199

Commonwealth of Virginia,                                     Appellee.


                  Upon a Petition for Rehearing En Banc

   Before Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
       Bray, Annunziata, Bumgardner, Frank, Clements and Agee


        On June 4, 2002 came the appellee, by the Attorney

General of Virginia, and filed a petition praying that the Court

set aside the judgment rendered herein on May 21, 2002, and

grant a rehearing en banc thereof.

        On consideration whereof, the petition for rehearing

en banc is granted, the mandate entered herein on May 21, 2002

is stayed pending the decision of the Court en banc, and the

appeal is reinstated on the docket of this Court.

        The parties shall file briefs in compliance with Rule

5A:35. The appellee shall attach as an addendum to the opening

brief upon rehearing en banc a copy of the opinion previously

rendered by the Court in this matter. It is further ordered that


                              - 17 -

the appellee shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


CHRISTOPHER CHARLES GAINES

                                     OPINION BY
v.   Record No. 0839-01-1      JUDGE ROSEMARIE ANNUNZIATA
                                      MAY 21, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

> Keith Loren Kimball (Colgan, Kimball &
> Carnes, on brief), for appellant.
>
> Steven A. Witmer, Assistant Attorney General
> (Randolph A. Beales, Attorney General, on
> brief), for appellee.

Christopher Charles Gaines appeals his jury trial convictions for involuntary manslaughter and use of a firearm during the commission of a felony.  He argues that the trial court erred by 1) refusing his proffered jury instruction regarding the use of a firearm in the commission of a felony, and 2) denying his motion to set aside the conviction for use of a firearm in the commission of a felony.  For the reasons that follow, we agree and reverse his conviction.

BACKGROUND

On October 19, 1999, Gaines arranged to purchase marijuana from Zachary Kipps.  Kipps purchased the marijuana, repackaged it in a different bag, and kept a portion for himself.  Kipps

- 19 -

then traveled to Gaines' house in a car driven by his friend, Jerry Torres. When Kipps delivered the marijuana to Gaines, Gaines realized the amount was less than the amount he had purchased and he accused Kipps of taking some. Gaines followed Kipps outside to the car where he began arguing with Torres. Gaines produced a shotgun, demanded that Kipps and Torres leave his property, and returned to his house. After Torres had armed himself with a knife, he confronted Gaines, and attempted to cut him. Gaines retrieved his gun as Kipps and Torres ran down the street. Gaines followed the two men to the end of his property where he fired towards them. The single shot struck Torres in the back, and he died as a result of the gunshot wound. Gaines was charged with murder and use of a firearm in the commission of a felony.

At trial, after the parties rested, the Commonwealth submitted a jury instruction on the crime of using or displaying a firearm during the commission of a felony. See Code § 18.2-53.1. The Commonwealth's proffered instruction was based on the Model Jury Instructions and stated:

> The Court instructs the jury that the defendant is charged with the crime of using a firearm while committing or attempting to commit murder. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> 1. That the defendant used a firearm; and
>
> 2. that the use was while committing or attempting to commit murder.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence is heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt either element of the offense, then you shall find the defendant not guilty.

Appellant proffered a jury instruction that differed from the Commonwealth's above proffered instruction only in that it added the words, "not manslaughter," after the word, "murder," in stating the second element which the Commonwealth was required to prove.

Following arguments from counsel, the trial court declined to add appellant's language to the model instruction, stating only, "I think we ought to use the model. Take out 'not manslaughter.'" The jury then convicted appellant of involuntary manslaughter and use of a firearm during the commission of a murder, which are inconsistent verdicts.

## ANALYSIS

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). "A reviewing court's responsibility in reviewing jury

- 21 -

instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). A trial court should not give a jury instruction "which incorrectly states the applicable law or which would be confusing or misleading to the jury." Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990). In addition, "[a] proposed jury instruction submitted by a party, which constitutes an accurate statement of the law applicable to the case, shall not be withheld from the jury solely for its nonconformance with model jury instructions." Code § 19.2-263.2.

Here, the court's rationale for declining to grant Gaines' proposed instruction violated this statutory dictate. As such, it constituted error.

Furthermore, this error was not harmless. Had the trial court given Gaines' proffered instruction, the jury would have been clearly informed that a manslaughter conviction is legally insufficient to sustain the charge of use of a firearm during the commission of a murder. However, under the instruction given by the trial court, the jury rendered inconsistent verdicts, finding Gaines guilty of involuntary manslaughter and murder, the latter in conjunction with the firearm charge. We acknowledge that a jury's inconsistent verdicts do not, per se, provide a basis for reversal. See Pugliese v. Commonwealth, 16

Va. App. 82, 96, 428 S.E.2d 16, 26 (1993) (citing United States v. Powell, 469 U.S. 57, 66 (1984)). However, the focus of this inquiry is the effect of error in instructing the jury on the verdict, not on the inconsistency per se. Here, the inconsistent verdicts serve as evidence that the trial court's error in refusing an instruction more precisely tailored to the issue in the case on the ground that it was not the model instruction, resulted in the jury's misapprehension of the law and confusion of the issues. Cf. Gray v. Commonwealth, 28 Va. App. 227, 503 S.E.2d 252 (1998) (inconsistent verdict affirmed after the jury acquitted defendant of murder but found him guilty of the use of a firearm in the commission of murder where defense counsel did not object to the use of the model jury instruction and did not proffer an instruction that more precisely stated the law until sentencing); Wolfe v. Commonwealth, 6 Va. App. 640, 645, 371 S.E.2d 314, 316 (1988) (inconsistent jury verdicts of voluntary manslaughter and use of a firearm in the commission of murder affirmed where defendant "did not seek a cautionary instruction that if the jury acquitted him of murder, they should then find him not guilty of use of a firearm in the commission of murder"). As such, we cannot say, "that the trial court's error in failing to instruct the jury could not have affected the verdict . . . ." Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996) (citations omitted), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997);

- 23 -

accord Scott v. Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994) (holding that a nonconstitutional error is harmless if "'it plainly appears from the record and the evidence given at trial that the error did not affect the verdict'" (citation omitted)); see also Donkor v. Commonwealth, 26 Va. App. 325, 333, 494 S.E.2d 497, 501 (1998) (reversing conviction where jury instruction "undermine[d] confidence in jury's verdict").

We hold, therefore, that the trial court's refusal of the proffered instruction on the sole ground that it was not the model instruction is reversible error. Scott, 18 Va. App. at 695, 446 S.E.2d at 620. Accordingly, we reverse and dismiss the firearm charge.[5]

Reversed and dismissed.

---

[5] Because we find the trial court abused its discretion by denying Gaines' jury instruction, which was not harmless error, we need not address Gaines' argument that the trial court erred by denying his motion to set aside the verdict.

Coleman, J., dissenting.

I respectfully disagree with the majority and, therefore, I dissent. In my opinion the trial judge did not err by instructing the jury as he did.