COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


EUGENE CLAYTON TYLER, JR.
                                            OPINION BY
v.          Record No. 2622-94-2      JUDGE LARRY G. ELDER
                                        FEBRUARY 20, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
                    Samuel Taylor Powell, III, Judge


              Craig S. Cooley for appellant.

              Michael T. Judge, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


     Eugene C. Tyler, Jr. (appellant) appeals his conviction for

voluntary manslaughter in violation of Code § 18.2-35.

Appellant's sole contention is that his conviction violated the

prohibition against double jeopardy.  Because the trial court

erroneously rejected the jury's inconsistent, yet valid, verdicts

in appellant's first trial and ordered a retrial, we reverse and

dismiss appellant's conviction.

                               I.

     Appellant shot and killed Gerald Washington on January 30,

1994, after Washington, with whom appellant had prior

altercations, approached appellant in a threatening manner.

     On July 6, 1994, appellant was tried by a jury in a

bifurcated trial in the Circuit Court of King William County on

indictments for murder and use of a firearm in the commission of

a murder.  The jury found appellant guilty of voluntary manslaughter and use of a firearm in the commission of a murder.  At the conclusion of the guilt phase of the trial, appellant moved to set aside and strike the conviction of use of a firearm in the commission of a murder because it was "irregular."  In response, the prosecutor argued the trial court could not allow the inconsistent verdicts to stand and urged it to instruct the jury to deliberate further in order to reach consistent verdicts.  The trial court agreed with the Commonwealth, ruled the verdicts inconsistent, and ordered the jury to deliberate further.  Appellant objected to this ruling.  After the jury informed the trial court it could not reach verdicts, the trial court then read the "Allen charge" to the jury, which deliberated again.  When the jury once again declared it could not reach verdicts, the trial court declared a mistrial.  Appellant asserted that the jury had returned a valid manslaughter verdict in the first instance and he renewed his motion to dismiss any further prosecution as being barred by the prohibition against double jeopardy.

After trial, the trial court admitted it erred in (1) not accepting the original inconsistent, yet valid, verdicts and (2) in directing the jury to deliberate further in order to render consistent verdicts.  The trial court ruled appellant's retrial would therefore be limited to the charges of voluntary manslaughter and the use of a firearm in the commission of a

murder.  The trial court also stated that it exercised its broad discretion in declaring a mistrial, which it did after determining that no alternatives existed to the jury's inability to reach verdicts.

After a second trial on September 27, 1994, a jury acquitted appellant of the firearm charge but could not reach a verdict on the voluntary manslaughter charge.

On October 26, 1994, after a third trial, conducted over appellant's double jeopardy objection, a jury convicted appellant of voluntary manslaughter.  The trial court sentenced appellant to five years in the state penitentiary in accordance with the jury's recommendation.  Appellant now appeals to this Court.[1]

## II.

Appellant contends that the trial court erred in not accepting the jury's verdicts in the first trial and instead ordering a retrial.  We agree with appellant and hold that the trial court's actions violated the prohibition against double jeopardy.

"The constitutional prohibition of double jeopardy consists of three separate guarantees:  (1) 'It protects against a second prosecution for the same offense after acquittal.  (2) It

---

[1]  For sake of clarity, we note that the instant appeal involves the validity of the conviction arising from appellant's third trial, not appellant's first trial.  The mistrial order issued after appellant's first trial, which became final twenty-one days after its entry, see Rule 1:1, is not before us on the instant appeal.

protects against a second prosecution for the same offense after conviction. (3) And it protects against multiple punishments for the same offense.'" Turner v. Commonwealth, 221 Va. 513, 529, 273 S.E.2d 36, 46 (1980)(quoting Illinois v. Vitale, 447 U.S. 410, 415 (1980)), cert. denied, 451 U.S. 1011 (1981). In this case, we concern ourselves with the second guarantee, as appellant argues that his two subsequent prosecutions for voluntary manslaughter occurred after a jury validly convicted him of voluntary manslaughter in the first trial.

The record reveals the trial court declared a mistrial and dismissed the jury after deciding that the jury reached inconsistent, and in the court's view, invalid, verdicts. After twice ordering the jury to deliberate further, the trial court determined that the jury was unable to reach consistent verdicts and discharged the jury. A "court may discharge the jury when it appears that they cannot agree on a verdict or that there is manifest necessity for such discharge." Code § 8.01-361. No bright-line rule exists for determining when manifest necessity exists, but, in making this determination, the trial court is vested with broad discretion. Smith v. Commonwealth, 239 Va. 243, 267, 389 S.E.2d 871, 884 (citing Turnbull v. Commonwealth, 216 Va. 328, 335, 218 S.E.2d 541, 546 (1975)), cert. denied, 498 U.S. 881 (1990).

In this case, the trial court issued a memorandum opinion after declaring the mistrial, in which it detailed its reasons

-4-

for doing so.  In its opinion, the trial court admitted it "erred when it did not accept the original apparent inconsistent guilty verdicts," which it conceded were valid verdicts.  However, the trial court explained its actions by stating:

> The court further finds that a court has broad discretion in declaring a mistrial and that the court, in this case, considered the alternatives before ordering a mistrial because the jury was unable to reach a verdict after the court twice ordered the jury to deliberate further, gave the "Allen instruction" and inquired of the jury foreman about the possibility of reaching a verdict.
> The court did not abuse its discretion in declaring the mistrial considering the totality of the circumstances, manifest necessity being present in the jury's inability to reach a final verdict.

We hold that the trial court abused its discretion in declaring a mistrial because the original verdicts were valid and no manifest necessity existed for declaring a mistrial.  See Gilliam v. Foster, __ F.3d __, (4th Cir. 1996)(holding that because no manifest necessity existed to do so, the trial court abused its discretion in declaring a mistrial; double jeopardy barred defendant's subsequent retrial).  The law regarding inconsistent verdicts is well settled in this Commonwealth.  As this Court has held, "[t]he fact that verdicts may, on their face, arguably appear inconsistent does not provide a basis to reverse either conviction on appeal, provided the evidence is sufficient to support each verdict."  Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993)(citing United States

v. Powell, 469 U.S. 57, 66 (1984)[2](emphasis added).  "Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense."  Pugliese, 16 Va. App. at 96, 428 S.E.2d at 26.  Courts may uphold each verdict despite the apparent inconsistency, provided the evidence supports each verdict.  Id.  See Wolfe v. Commonwealth, 6 Va. App. 640, 371 S.E.2d 314 (1988)(holding inconsistent verdicts do not provide a basis for appeal).

As the law of Virginia provides, inconsistent verdicts are nonetheless valid verdicts.  Therefore, in this case, the fact that the jury's two verdicts may have appeared inconsistent did not necessitate or permit the trial court to declare a mistrial and discharge the jury.  Although the jury was unable to reach consistent verdicts after being instructed to do so, the trial court lacked authority to order the jury to reconsider its verdicts, as each found support in the evidence.  The prohibition against double jeopardy is designed to prevent subjecting the accused "to the hazards of vexatious, multiple prosecutions" and

---

[2]   In Powell, the United States Supreme Court concluded, "[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt."  469 U.S. at 63.  The Powell Court also explained that where juries reach inconsistent verdicts, it is "unclear whose ox has been gored," the government's or the defendant's.  Id. at 65.

the "embarrassment, expense, and ordeal [of] compelling [the accused] to live in a continuing state of anxiety or insecurity." Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992)(citation omitted).

Furthermore, the bifurcated trial procedure does not broaden a trial court's authority to disturb a jury's inconsistent guilty verdicts.[3]  The justifications for allowing inconsistent verdicts are not diminished simply because the verdicts are entered at the conclusion of the guilt phase of a bifurcated trial instead of at the end of a unitary proceeding.  In either a unitary or a bifurcated proceeding, mistake, lenity, or compromise may underlie the jury's decision.  Trial courts lack the authority to disturb inconsistent valid verdicts rendered at the conclusion of the guilt phase because such verdicts are final determinations of guilt or innocence.  While the same jury may subsequently fail to reach a unanimous verdict in the punishment phase, this failure does not diminish the fact that the jury's determinations of guilt became final verdicts at the moment they were unanimously reached.  See Powell, 469 U.S. at 67 ("with few exceptions . . .

---

[3]  Code § 19.2-295.1, Sentencing proceeding by the jury after conviction for a felony, states that "[i]n cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury."  In a case where the jury is unable to reach a unanimous verdict in the punishment phase, the trial court must declare a mistrial.  This case does not present us with this issue, however, as the trial court in appellant's original case did not give the jury the opportunity to decide punishment.

once the jury has heard the evidence and the case has been submitted, the litigants must accept the jury's collective judgment").

Accordingly, we reverse and dismiss the conviction.

<u>Reversed and dismissed.</u>