COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judges Cole and Baker[*]
Argued at Richmond, Virginia


RUSSELL ERIN GRAY
                                              OPINION BY
v.        Record No. 3017-96-2       JUDGE MARVIN F. COLE
                                            AUGUST 18, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                   John F. Daffron, Jr., Judge

           Joseph D. Morrissey (Morrissey, Hershner &
           Jacobs, on brief), for appellant.

           Richard B. Smith, Assistant Attorney General
           (Richard Cullen, Attorney General, on brief),
           for appellee.


     Appellant, Russell Erin Gray, was tried by a jury upon

indictments charging him with the murder of Matthew Shuster and

the use of a firearm in the commission of murder.[1]  At the

conclusion of the guilt phase of appellant's bifurcated trial,

the jury found appellant guilty of involuntary manslaughter of

Shuster and use of a firearm in the commission of murder of

Shuster.  The jury's sentencing verdict recommended twelve months

imprisonment for the involuntary manslaughter conviction and

three years incarceration for the firearm offense.

_____

     [*]Judge Baker participated in the hearing and decision of
this case prior to the effective date of his retirement on July
31, 1998 and thereafter by his designation as senior judge
pursuant to Code § 17-116.01.

     [1]Appellant also was tried upon indictments charging him with
the malicious wounding of Margaret Keel and the use of a firearm
in the commission of malicious wounding.  The jury acquitted
appellant of these offenses.

On appeal, appellant contends the trial court erred in refusing to instruct the jury, while it was deliberating during the <u>sentencing phase</u>, that if it acquitted him of murder, it should find him not guilty of the use of a firearm in the commission of murder. We disagree and affirm appellant's convictions.

<u>FACTS</u>

At the guilt phase, the trial court instructed the jury that, as to Shuster, it could acquit appellant or find him guilty of first degree murder, second degree murder, voluntary manslaughter, involuntary manslaughter, or assault and battery. Without objection from appellant, the trial court gave Instruction 14, which stated as follows:

> The defendant is charged with the crime of using or displaying in a threatening manner a firearm while committing the murder of Matthew Shuster. The Commonwealth must prove beyond a reasonable doubt each of the following elements of the crime:
>
> > (1) That the defendant used a firearm; and
> >
> > (2) That the use was while committing the murder of Matthew Shuster.
>
>     *     *     *     *     *     *     *
>
> > If you find the Commonwealth has failed to prove beyond a reasonable doubt either element of the offense, then you shall find the defendant not guilty.

Upon these instructions, the jury returned inconsistent verdicts of guilt for involuntary manslaughter and the use of a firearm in

the commission of murder.  The trial court denied appellant's motion to set aside the verdicts due to their inconsistency.

During argument to the jury at the sentencing phase, defense counsel told the jury it had made a "tragic error" which it could correct by reconsidering its finding of guilt on the firearm offense and refusing to sign the verdict form to impose the mandatory three-year sentence for that crime.  After deliberating, the jury foreperson indicated that the jury had reached a sentencing verdict as to involuntary manslaughter.  However, the jury returned unsigned the verdict form on the firearm offense because the jury could not reach a unanimous decision.  The trial court then stated,

> Is it the decision of the jury that you wish to reconsider your verdict on the firearms charge?  I am going to instruct the jury, if you find the defendant guilty of possession of [a] firearm, you must impose a three-year sentence.
>
> I will also tell the jury that until you leave the courtroom and you are discharged, that you may have the right and I don't say this legally, but in an informal way, to change your mind on a decision.

The court advised the jurors that it intended to send them back to the jury room to reconsider their verdicts in light of all the instructions previously given.  The court further stated as follows:

> If it is your decision to unanimously find the defendant guilty of use of a firearm in the commission of the murder and that is your unanimous verdict, then you must impose the three-year sentence for that charge.

- 3 -

> If it is not your unanimous decision, then you should tell me by way of the verdict form, either that you find the defendant not guilty of that offense, that you cannot come to a decision on that offense or that you reaffirm your verdict.

The court advised the jury that it could reconsider its decision on guilt or innocence and sent the jury to deliberate.

During the subsequent deliberations, defense counsel requested the following cautionary instruction: "If you acquit the defendant of murder, then you should find him not guilty of use of a firearm in the commission of murder." The court refused to instruct the jury further. The jury later returned a verdict imposing sentences for both convictions. When polled, each juror indicated agreement with the verdicts.

## ANALYSIS

The sole question presented in appellant's petition for appeal was whether the trial court erred in refusing appellant's proposed cautionary instruction at the sentencing phase. Therefore, the trial court's ruling on this issue is the only issue properly before this Court. See Rule 5A:12(c) ("[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals"). However, we must consider this issue in the context of the earlier jury instructions, the guilt phase verdicts, and the proceedings during the sentencing phase.

As noted above, the jury rendered apparently inconsistent verdicts at the conclusion of the guilt phase. A finding that appellant was guilty beyond a reasonable doubt of murdering

Shuster was a necessary element of the firearm offense, as charged under Code § 18.2-53.1.  The jury found appellant guilty of the lesser offense of involuntary manslaughter.  The use of a firearm during the commission of involuntary manslaughter is not a criminal offense under Code § 18.2-53.1.

However, Virginia law regarding inconsistent verdicts is well settled.

> As this Court has held, "[t]he fact that verdicts may, on their face, arguably appear inconsistent does not provide a basis to reverse either conviction on appeal, provided the evidence is sufficient to support each verdict."  Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993) (citing United States v. Powell, 469 U.S. 57, 66 . . . (1984) (emphasis added)).  "Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense."  Pugliese, 16 Va. App. at 96, 428 S.E.2d at 26.

Tyler v. Commonwealth, 21 Va. App. 702, 708, 467 S.E.2d 294, 296 (1996) (footnote omitted).  In Powell, the United States Supreme Court concluded that "'[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'"  Powell, 469 U.S. at 63 (citation omitted).  Where juries reach inconsistent verdicts, it is "unclear whose ox has been gored," the government's or the defendant's.  Id. at 65.

Regardless of the jury's underlying conclusions in finding appellant guilty of involuntary manslaughter and the use of a firearm in the commission of murder, the apparently inconsistent verdicts were nonetheless valid.[2]  See Wolfe v. Commonwealth, 6 Va. App. 640, 650, 371 S.E.2d 314, 319-20 (1988) (affirming jury verdicts for voluntary manslaughter and use of a firearm in the commission of murder).  Moreover, the jury was without power to change the verdicts rendered at the conclusion of the guilt phase.

> The justifications for allowing inconsistent verdicts are not diminished simply because the verdicts are entered at the conclusion of the guilt phase of a bifurcated trial instead of at the end of a unitary proceeding.  In either a unitary or a bifurcated proceeding, mistake, lenity, or compromise may underlie the jury's decision.  Trial courts lack the authority to disturb inconsistent valid verdicts rendered at the conclusion of the guilt phase because such verdicts are final determinations of guilt or innocence.  While the same jury may subsequently fail to reach a unanimous verdict in the punishment phase, this failure does not diminish the fact that the jury's determinations of guilt became final verdicts at the moment they were unanimously reached.

Tyler, 21 Va. App. at 709, 467 S.E.2d at 297.

Code § 19.2-295.1 requires a bifurcated proceeding in all felony jury trials.  The statute divides the trial into two distinct phases.  First, the jury resolves issues of the defendant's guilt or innocence.  Then, "upon a finding that the

---

[2]Appellant raises no challenge to the sufficiency of the evidence to support the two convictions.

defendant is guilty . . . , a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury."  Code § 19.2-295.1.  "[A] jury verdict of guilty emanating from the guilt phase of a bifurcated trial, approved by the trial court, resolves that issue, leaving sentence as the sole question remaining to be decided by an additional verdict incidental to a 'separate proceeding.'"  Daye v. Commonwealth, 21 Va. App. 688, 691, 467 S.E.2d 287, 288 (1996) (quoting Code § 19.2-295.1).

At the sentencing phase of appellant's trial, the jury was charged with the responsibility of determining appellant's punishment for the offenses of which he had been convicted.  See id.  The cautionary instruction requested by appellant during the sentencing phase invited the jury to reconsider issues it had already conclusively determined in the guilt phase.  At the time appellant requested the cautionary instruction, despite the trial court's comments to the contrary, the jury did not possess the authority to revisit the findings of guilt and innocence.[3]  See Tyler, 21 Va. App. at 709, 467 S.E.2d at 297.

---

[3]In contravention of Tyler, the trial court advised the jury, after it returned unsigned the verdict form for the firearm offense, that it could reconsider its verdicts as to guilt or innocence.  However, as the jury did not act upon this advice and did not disturb the verdicts regarding appellant's guilt or innocence, no harm resulted from this error.  See Smoot v. Commonwealth, 18 Va. App. 562, 566-68, 445 S.E.2d 688, 691 (1994) (although jury instruction omitted essential element of crime, error harmless because evidence of such circumstance was uncontradicted in the record).

"If an instruction 'is not applicable to the facts and circumstances of the case, it should not be given.'" <u>Hubbard v. Commonwealth</u>, 243 Va. 1, 16, 413 S.E.2d 875, 883 (1992) (citation omitted).  At the juncture at which he offered it, appellant's proposed instruction was inapplicable to the issues remaining for the jury's determination.  Therefore, the trial court did not err in refusing appellant's proposed instruction during the sentencing phase.

Appellant contends that, in affirming apparently inconsistent verdicts in <u>Wolfe</u>, this Court found significant the absence of a defense request for an instruction stating that if the jury acquitted the defendant of murder, it should find him not guilty of the use of a firearm in the commission of murder. <u>See</u> <u>Wolfe</u>, 6 Va. App. at 645, 371 S.E.2d at 316.  However, at the time <u>Wolfe</u> was decided, Virginia had not adopted the procedures contained in Code § 19.2-295.1 concerning bifurcated jury trials in felony proceedings.  Furthermore, we did not determine in <u>Wolfe</u>, and we need not decide here, whether an instruction such as the one offered by appellant would be proper prior to the jury's resolution of the issue of guilt or innocence.

For the foregoing reasons, the trial judge did not err in refusing to grant the cautionary instruction requested by appellant.  Accordingly, appellant's convictions are affirmed.

<u>Affirmed.</u>