COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


ROBIN LYNN CAIN

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2737-97-4      JUDGE RICHARD S. BRAY
                                      SEPTEMBER 29, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                  Perry W. Sarver, Judge Designate

            David H. N. Bean for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.



     Robin Lynn Cain (defendant) was convicted by a jury for

felonious petit larceny pursuant to Code § 18.2-104.  On appeal,

defendant complains that the evidence failed to establish that

all prior convictions necessary to the subject offense resulted

from prosecutions during which she was assisted by counsel.

Finding no error, we affirm the verdict.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary for

disposition of the appeal.

     During trial, the Commonwealth offered several exhibits to

prove the requisite prior larceny convictions.  Over defendant's

objection, the court admitted into evidence a certified and

authenticated copy of a "Warrant of Arrest," together with the

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

related order of the Fairfax County General District Court, which established a previous conviction of defendant for petit larceny in that jurisdiction. The preprinted form reflected a check mark at the words "Defendant's Attorney (Name)," without naming counsel, and illegible notations below "Attorney for the Accused." The order also assessed "Costs" of $100 for a "Court Appointed Attorney." Nevertheless, defendant contends that the exhibit failed to establish that she was represented by counsel in such prosecution, although she presented no evidence on the issue during the guilt phase of trial.

> It is well established that,
> "[a] previous misdemeanor conviction attended
> by incarceration is constitutionally
> offensive and may support neither guilt nor
> enhanced punishment for a later offense,
> unless the accused either waived or was
> represented by counsel in the earlier
> proceeding."[1] However, when . . . a prior
> conviction is collaterally attacked in a
> subsequent proceeding, "the Commonwealth is
> entitled to a presumption of regularity which
> attends the prior conviction because 'every
> act of a court of competent jurisdiction
> shall be presumed to have been rightly done,
> till the contrary appears[,]'" "'[e]ven when
> a collateral attack on a final conviction
> rests on constitutional grounds . . . .'"
> Thus, unless the defendant presents evidence
> rebutting the presumption of regularity, by
> which it may be presumed that the conviction
> was obtained in compliance with the
> defendant's right to counsel, the
> Commonwealth has satisfied its burden of
> proving that the prior conviction was valid
> and, therefore, was admissible to establish a
> third offense in order to enhance

_____

[1]The briefs presuppose that incarceration attended the prior misdemeanor conviction, although the record is unclear.

punishment.[2]

Samuels v. Commonwealth, 27 Va. App. 119, 123-24, 497 S.E.2d 873, 875 (1998) (citations omitted); see Harris v. Commonwealth, 26 Va. App. 794, 803-04, 497 S.E.2d 165, 169-70 (1998); Nicely v. Commonwealth, 25 Va. App. 579, 583-84, 490 S.E.2d 281, 283 (1997).

Here, the prior conviction in dispute was clearly clothed with the presumption of regularity, unrebutted by defendant during trial.  Moreover, like Samuels, the instant record supports the trial court's implicit finding that defendant was actually represented by counsel in the earlier proceeding.  Under such circumstances, the trial court properly received the exhibit into evidence.

Accordingly, we affirm the conviction.

Affirmed.

---

[2]Defendant's testimony at the sentencing phase of trial was immaterial to the jury's previous finding of guilt.  Tyler v. Commonwealth, 21 Va. App. 702, 709, 467 S.E.2d 294, 297 (1996).