*571 FITZPATRICK, Chief Judge, with whom ELDER and BENTON, JJ.,
join, dissenting.
I respectfully disagree with the majority and, therefore, I dissent.
“On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction.” Lynn v. Commonwealth, 27 Va.App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). “A reviewing court’s responsibility in reviewing jury instructions is ‘to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.’ ” Darnell v. Commonwealth, 6 Va.App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).
Virginia law regarding inconsistent verdicts is well settled. As this Court has held, “[t]he fact that verdicts may, on their face, arguably appear inconsistent does not provide a basis to reverse either conviction on appeal, provided the evidence is sufficient to support each verdict.” Pugliese v. Commonwealth, 16 Va.App. 82, 96, 428 S.E.2d 16, 26 (1993) (citing United States v. Powell, 469 U.S. 57, 66, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 ... (1984) (emphasis added)). “Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense.” Pugliese, 16 Va.App. at 96, 428 S.E.2d at 26.
Tyler v. Commonwealth, 21 Va.App. 702, 708, 467 S.E.2d 294, 296 (1996) (footnote omitted). A trial court, however, should not give a jury instruction “which incorrectly states the applicable law or which would be confusing or misleading to the jury.” Bruce v. Commonwealth, 9 Va.App. 298, 300, 387 S.E.2d 279, 280 (1990) (emphasis added).
Gaines attempted to prevent an inconsistent jury verdict by including in his proffered instruction a qualification or modification to the model jury instruction which more clearly told the jury that in order to find him guilty of use of a firearm during the commission of murder, it must conclude that he *572 committed murder and not manslaughter. I agree with the majority that Gaines’s instruction could have been more artfully drafted as a separate instruction that “linked the two charges” and specifically stated, “if you find the defendant not guilty of murder, then you shall find him not guilty of the use of a firearm charge while committing murder.” Gaines’s proffered instruction, however, properly states the law and covers the factual scenario at bar.
In pertinent part, Code § 18.2-53.1 provides that:
It shall be unlawful for any person to use or attempt to use any ... firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, forcible sodomy, inanimate or animate object sexual penetration as defined in § 18.2-67.2, robbery, carjacking, burglary, malicious wounding as defined in § 18.2-51, malicious bodily injury to a law-enforcement officer as defined in § 18.2-51.1, aggravated malicious wounding as defined in § 18.2-51.2, malicious wounding by mob as defined in § 18.2-41 or abduction.
A violation of the statute only occurs when a firearm is used during the commission of the specified felonies and does not occur if the predicate felony is manslaughter rather than murder. See Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979). By specifically requesting an instruction that told the jury a violation of the statute would not occur if the jury believed Gaines had committed manslaughter and not murder, Gaines stated the applicable law clearly and also attempted to avoid the confusion that resulted from using the model instruction in this case.
In Gray v. Commonwealth, 28 Va.App. 227, 503 S.E.2d 252 (1998), we affirmed a similarly inconsistent verdict after the jury acquitted Gray of murder but found him guilty of the use of a firearm in the commission of murder. In that case, however, defense counsel did not object to the use of the model jury instruction at the guilt phase and did not proffer an instruction that more precisely stated the law to prevent the recurring problem of inconsistent verdicts. The question *573 in Gray was only whether “the trial court erred in refusing to instruct the jury, while it was deliberating during the sentencing phase, that if it acquitted [Gray] of murder, it should not find him guilty of’ the firearm charge. Id. at 229-30, 503 S.E.2d at 253. We held that “the jury did not possess the authority to revisit the findings of guilt” and, therefore, the trial judge did not err in refusing to instruct the jury that it could reconsider at the sentencing phase its prior guilt verdict. Id. at 234, 503 S.E.2d at 255.
In Wolfe v. Commonwealth, 6 Va.App. 640, 371 S.E.2d 314 (1988), we also affirmed the inconsistent jury verdicts of voluntary manslaughter and use of a firearm in the commission of murder. In that case we concluded that mere inconsistency of verdicts did not bar Wolfe’s conviction of use of a firearm in the commission of murder. Id. at 650, 371 S.E.2d at 319. We also specifically “not[ed] that Wolfe did not seek a cautionary instruction that if the jury acquitted him of murder, they should then find him not guilty of use of a firearm in the commission of murder.” Id. at 645, 371 S.E.2d at 316. This case is distinguishable from both Gray and Wolfe because Gaines attempted, to no avail, to prevent the same inconsistent result by proffering an instruction that more accurately stated the law than the one proffered by the Commonwealth and given by the trial court.
By refusing Gaines’s instruction, the trial court abused its discretion. Had the trial court granted appellant’s requested instruction, the jury would have been precisely instructed, consistent with the law, that it could not find Gaines guilty of use of a firearm in the commission of murder when it acquitted him of murder and found him guilty of the offense of manslaughter. Thus, I would reverse and dismiss the conviction.