PRESENT:  All the Justices

JOSEPH BOOKER

v.    Record No. 071626                          OPINION BY
                                        JUSTICE BARBARA MILANO KEENAN
                                                 June 6, 2008
COMMONWEALTH OF VIRGINIA


                  FROM THE COURT OF APPEALS OF VIRGINIA

        In this appeal, we consider whether the Court of Appeals

erred in affirming a judgment in a criminal case in which the

circuit court, in response to a question posed by the jury

during deliberations in the sentencing phase, instructed the

jury that the court had the power to reduce but not to increase

the sentence imposed by the jury.

        Joseph Booker was tried by a jury in the Circuit Court of

Amelia County on indictments charging three counts of cocaine

distribution, in violation of Code § 18.2-248.  The jury

convicted Booker of all three charges.

        During the sentencing phase of Booker's trial, the circuit

court instructed the jury that "[i]n Virginia, which now has no

parole, the defendant will serve at least 85 percent of any time

that is ultimately imposed by the [c]ourt."  In addition, the

jury was informed that it must impose a sentence of between five

and 40 years' imprisonment for each charge.

        After the case was submitted to the jury for sentencing

deliberations, the jury asked the following question, "Can the

[j]udge alter the sentence[?]"  The circuit court informed the parties that it was inclined to tell the jury that the court could reduce but could not increase the sentence fixed by the jury.  Booker objected to this proposed response, arguing that it would send the "wrong message," and that the court simply should instruct the jury that it should not be concerned with what might occur after the jury determined Booker's sentence. The circuit court provided the following response to the jury over Booker's objection: "[T]he Court has the power to reduce, but not increase the sentence.  However, you shall not concern yourselves with what happens after your verdict is returned."

The jury fixed Booker's sentence at 12 years' imprisonment for each of the three convictions.  In accordance with the verdict, the circuit court sentenced Booker to three consecutive terms of 12 years' imprisonment.

The Court of Appeals affirmed Booker's convictions in an unpublished opinion, holding that the circuit court did not err in instructing the jury regarding the court's authority to reduce the sentence imposed by the jury.  Booker v. Commonwealth, Record No. 1754-05-2 (December 19, 2006).  The Court of Appeals concluded that the failure to provide an accurate and direct response "could have both engendered further speculation by the jury on whether the trial judge would increase or decrease [Booker's] punishment, and caused the jury

2

to base [its] determination of [Booker's] punishment on a mistaken belief of the law." Id., slip op. at 5. The Court of Appeals held that the instruction was proper because it "was neither misleading or confusing and prevented the jury from basing its verdict on a misconception of the law." Id. We awarded Booker this appeal.

Booker argues that the Court of Appeals erred in affirming the circuit court's judgment because the circuit court improperly informed the jury that the court could reduce but not increase the sentence set by the jury. Booker contends that the circuit court's response invited the jury to speculate about what action the court might take with regard to the sentence. Thus, Booker asserts that the circuit court's instruction to the jury tainted the jury's decision regarding the appropriate punishment for the three offenses.

In response, the Commonwealth first maintains that Booker did not adequately preserve his objection to the circuit court's proposed answer to the jury's question. According to the Commonwealth, Booker's argument on appeal is barred by Rule 5:25 because Booker did not argue to the circuit court that the court's proposed answer permitted the jury to speculate regarding what action might be taken after the jury made its sentencing determination.

Addressing the merits of the circuit court's response, the Commonwealth contends that the court's response was a correct statement of the law, and was appropriate because the answer was given accurately without reference to inappropriate matters such as executive clemency. The Commonwealth also argues that the circuit court's response likely would have reduced the jury's inclination to speculate about the court's role in determining the final sentence, especially in light of the fact that the jury already had been informed that Booker would serve at least 85 percent of any sentence "ultimately imposed by the [c]ourt." Finally, the Commonwealth maintains that because the circuit court also instructed the jury not to be concerned with what would happen after the jury returned its verdict, the circuit court effectively precluded the jury's further consideration of future action the circuit court might take regarding Booker's sentence. We disagree with the Commonwealth's arguments.

Initially, we conclude that Booker preserved his objection to the circuit court's response to the jury's question. Although Booker did not argue in the circuit court that the court's response would encourage the jury to speculate about future actions the court might take regarding Booker's sentence, the objection nevertheless informed the court that Booker viewed the court's response as providing improper information to the jury. Thus, because the circuit court was informed with

4

reasonable certainty of Booker's concern, the court had the ability to evaluate the merits of the objection and to make an intelligent decision regarding the potential effect of the instruction on the jury's deliberation process.  See Rule 5:25.

We review the circuit court's response to the jury's question in the context of the sentencing function performed by juries in criminal trials.  When a defendant is found guilty by a jury of a felony charge or a Class 1 misdemeanor, a separate sentencing proceeding is held before the same jury to determine the punishment the defendant should receive for those convictions.  Code § 19.2-295.1.  The jury is charged with the duty of determining just and proper punishment under the evidence and within the penalty limits provided by statute.  After the jury fixes a sentence, the circuit court may suspend that sentence, in whole or in part.  Code § 19.2-303.

As a general rule, in determining a defendant's sentence, a jury is not permitted to consider what may happen to a defendant after the jury reaches its verdict.  See Yarbrough v. Commonwealth, 258 Va. 347, 370, 519 S.E.2d 602, 614 (1999); Jones v. Commonwealth, 194 Va. 273, 275, 72 S.E.2d 693, 694 (1952); Coward v. Commonwealth, 164 Va. 639, 646, 178 S.E. 797, 800 (1935).  We recognized an exception to this general rule, however, in our holding in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000).

5

There, we considered the issue whether a defendant convicted of a felony that was not a capital offense was entitled to have the jury instructed that parole has been abolished in Virginia for offenses committed after January 1, 1995. Id. at 108, 532 S.E.2d at 630. We held that the defendant was entitled to such an instruction, and also concluded that, when applicable, a jury also shall be instructed that a defendant could be eligible for a geriatric release as permitted by statute, which determination involves "essentially a mathematical calculation." Id. at 115, 532 S.E.2d at 634.

At the same time, we held that juries should not be instructed on the issue of earned sentencing credits that a prisoner may obtain under Code § 53.1-202.2 through -202.4, thereby reducing his period of incarceration, because obtaining these credits depends on a prisoner's conduct while incarcerated, on his participation in certain programs established by the Department of Corrections, and on the executive branch's subjective assessment of the prisoner's progress. Id. We observed that a jury would be required to speculate in order to consider as part of its sentencing determination the possibility that a defendant could earn such future credits. Id. Thus, we held that juries are not to be instructed about the possibility that a defendant will obtain this type of future credit. Id. at 116, 532 S.E.2d at 634.

6

These separate holdings in Fishback illustrate an important distinction between instructions that properly further the goal of "truth in sentencing" by removing the possibility that a jury will act upon misconceptions, and those instructions that have the improper effect of inviting the jury to speculate concerning the likelihood of future actions that may ultimately affect the length of a defendant's incarceration.  See Bell v. Commonwealth, 264 Va. 172, 207-08, 563 S.E.2d 695, 718 (2002).  A jury instruction regarding a defendant's ineligibility for parole is proper, because it serves to eliminate a common misconception that a defendant may only serve a small portion of a jury's sentence.  See Fishback, 260 Va. at 113, 532 S.E.2d at 633.  In contrast, a jury instruction that a defendant may be eligible for earned sentencing credits once incarcerated is improper, because the jury cannot employ this information in its sentencing determination without resorting to speculation about the defendant's future behavior while incarcerated.  See Bell, 264 Va. at 206-07, 563 S.E.2d at 718; Fishback, 260 Va. at 116, 532 S.E.2d at 634.

Based on this distinction between instructions that do not allow speculation by the jury and those that effectively permit such speculation, we conclude that the challenged instruction in the present case was improper.  The instruction should not have been given because it effectively permitted the jury to consider

as part of its sentencing determination the speculative factor whether the circuit court later would reduce Booker's sentence given the nature of his crimes, the other evidence in the case, or factors unknown to the jury at the time it imposed its sentence. Speculation of this nature also could have resulted in the jury incorrectly concluding that its role in the sentencing process was minimal and, thus, have yielded a result "inconsistent with a fair trial both to the defendant and the Commonwealth." Fishback, 260 Va. at 115, 532 S.E.2d at 634; accord Bell, 264 Va. at 207-08, 563 S.E.2d at 718.

We disagree with the Commonwealth's assertion that the jury nevertheless was instructed properly because it also was told that it should not concern itself with what might happen after returning its verdict. There is no assurance that the jury understood the circuit court's general admonition against considering what might occur afterwards as negating the jury's ability to consider the information directly provided by the court that the judge could reduce the sentence imposed by the jury. Therefore, we hold that the circuit court's action giving the improper instruction requires reversal of this case, and that the Court of Appeals erred in reaching a contrary conclusion.

For these reasons, we will reverse the Court of Appeals' judgment, vacate Booker's sentences, and remand the case to the

8

Court of Appeals for further remand to the circuit court for a new sentencing hearing conducted before a new jury pursuant to Code § 19.2-295.1.

Reversed and remanded.