COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


GLEN JONES, JR.
                                                                OPINION BY
v.        Record No. 1802-08-1                        JUDGE ROBERT P. FRANK
                                                                JULY 28, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                                    C. Peter Tench, Judge

                Charles E. Haden for appellant.

                Kathleen B. Martin, Senior Assistant Attorney General (William C.
                Mims, Attorney General, on brief), for appellee.


        Glen Jones, Jr., appellant, was convicted, by a jury, of second-degree murder in violation

of Code § 18.2-32 and use of a firearm in the commission of murder, in violation of Code

§ 18.2-53.1.  On appeal, he contends the trial court erred, during sentencing, in not allowing

appellant to advise the jury that he had been incarcerated for the same charges that had

previously been *nolle prosequied*.  For the reasons stated, we affirm.

                                            BACKGROUND

        Because the underlying facts of the offenses are not relevant to this analysis, we will not

mention those facts.  We need only recite the facts germane to the evidentiary issue before us.

        Appellant was initially arrested in July 2005.[1]  After two mistrials, the Commonwealth

*nolle prosequied* the two offenses in December 2006.  Appellant was released thereafter.

---

        [1] Apparently appellant was in custody in North Carolina and waived extradition to
Virginia on April 3, 2007.

Appellant remained in custody for seventeen months prior to the *nolle prosequi*. He was reindicted on the same offenses and rearrested April 12, 2007.

Appellant was convicted of second-degree murder and use of a firearm in the commission of a felony on May 8, 2007. At the sentencing phase of the trial, appellant asked that he be allowed to testify that he had been incarcerated for a period of time prior to the *nolle prosequi*, to which the Commonwealth objected. The trial court did not permit this testimony.

During its sentencing deliberation, the jury submitted written questions, inquiring whether appellant had already served time, how much time had been served, and if any such time would be deducted from his sentence. The trial court advised the jury to "impose such punishment as you feel is just under the evidence and within the instruction of the court. You're not to concern yourselves with what may happen afterwards."[2]

The jury sentenced appellant to ten years for the murder and to the mandatory three years for the use of a firearm charge.

This appeal follows.

ANALYSIS

Appellant asserts that he should have been allowed to testify that he had been incarcerated for approximately seventeen months on the earlier charges arising from the same incident prior to those charges being *nolle prosequied* in December of 2006.[3] Appellant relies on Code § 19.2-295.1 to support this contention.

Code § 19.2-295.1 establishes the procedure by which a defendant may introduce evidence as part of a bifurcated jury trial. It states in pertinent part that the "defendant may

---

[2] The trial court's response to the jury's inquiry is not before this Court.

[3] Appellant contends the jury's questions concerning prior incarceration support his argument. However, our analysis of this issue is not dependent on the jury's question. Our analysis as to "relevancy" would be the same whether or not the jury made such an inquiry.

introduce relevant, admissible evidence related to punishment." Appellant contends his period of incarceration prior to the *nolle prosequi* is "relevant" to his punishment. We disagree.

In Commonwealth v. Shifflett, 257 Va. 34, 510 S.E.2d 232 (1999), the Supreme Court of Virginia addressed "relevant" testimony in the context of Code § 19.2-295.1. In that case, the Court referred to its decision in a capital murder case, Coppola v. Commonwealth, 220 Va. 243, 257 S.E.2d 797 (1979). In Shifflett, the trial court would not allow, at sentencing, testimony addressing the impact of appellant's incarceration on his family and his employment. On appeal, the Supreme Court found this testimony was irrelevant. The Court concluded that the factors in the capital murder sentencing statute, Code § 19.2-264.4(B) should also apply to non-capital sentencing, stating: "We perceive no sound reason why the factors that may be considered by a jury in capital murder cases should not likewise be available for consideration by a jury in noncapital cases under § 19.2-295.1." Shifflett, 257 Va. at 43, 510 S.E.2d at 236.

Code § 19.2-264.4(B) states in pertinent part:

> Evidence, which may be admissible, subject to the rules of evidence governing admissibility, may include the circumstances surrounding the offense, the history and background of the defendant, and any other facts in mitigation of the offense. Facts in mitigation may include, but shall not be limited to, the following: (i) the defendant has no significant history of prior criminal activity, (ii) the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance, (iii) the victim was a participant in the defendant's conduct or consented to the act, (iv) at the time of the commission of the capital felony, the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was significantly impaired, (v) the age of the defendant at the time of the commission of the capital offense, or (vi) even if § 19.2-264.3:1.1 is inapplicable as a bar to the death penalty, the subaverage intellectual functioning of the defendant.

In Coppola, 220 Va. 243, 257 S.E.2d 797, the accused attempted to introduce evidence, at sentencing, of the detrimental effect of his execution upon his children. The Supreme Court of Virginia found this testimony was not relevant to punishment, citing Code § 19.2-264.4(B).

The Supreme Court of Virginia in <u>Shifflett</u>[4] concluded:

> Therefore, we hold that a trial court, in determining what evidence
> is relevant to punishment under Code § 19.2-295.1 may be guided
> in the exercise of its discretion, subject to the rules of evidence
> governing admissibility, by the factors set forth in Code
> § 19.2-264.4(B), as interpreted in <u>Coppola</u>. The kind of evidence
> contemplated by § 19.2-295.1 bears upon the record of the
> defendant and the nature of his crime. Evidence of a good
> previous record, and extenuating circumstances tending to explain,
> but not excuse, the commission of the noncapital crime is
> admissible mitigating evidence. And, a trial court's discretionary
> ruling on this issue should not be disturbed on appeal absent a clear
> abuse of discretion. <u>Coe v. Commonwealth</u>, 231 Va. 83, 87, 340
> S.E.2d 820, 823 (1986).

<u>Shifflett</u>, 257 Va. at 44, 510 S.E.2d at 236-37.

Thus, our inquiry is whether the trial court abused its discretion in finding the proffered

testimony was irrelevant to "mitigation of the offense." Code § 19.2-264.4(B).

> "'[T]he admissibility of evidence is within the broad discretion of
> the trial court, and [its ruling thereon] will not be disturbed on
> appeal in the absence of an abuse of discretion.'" <u>Jones v.
> Commonwealth</u>, 38 Va. App. 231, 236, 563 S.E.2d 364, 366
> (2002) (quoting <u>Blain v. Commonwealth</u>, 7 Va. App. 10, 16, 371
> S.E.2d 838, 842 (1988)). However, "a trial court 'by definition
> abuses its discretion when it makes an error of law.'" <u>Shooltz v.
> Shooltz</u>, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998)
> (quoting <u>Koon v. United States</u>, 518 U.S. 81, 100, 135 L. Ed. 2d
> 392, 116 S. Ct. 2035 (1996)). "In determining whether the trial
> court made an error of law, 'we review the trial court's statutory
> interpretations and legal conclusions *de novo*.'" <u>Rollins v.
> Commonwealth</u>, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001)
> (quoting <u>Timbers v. Commonwealth</u>, 28 Va. App. 187, 193, 503
> S.E.2d 233, 236 (1998)).

<u>Auer v. Commonwealth</u>, 46 Va. App. 637, 643, 621 S.E.2d 140, 142-43 (2005).

---

[4] In <u>Gillespie v. Commonwealth</u>, 272 Va. 753, 636 S.E.2d 430 (2006) (superseded by
statute on other grounds), the Supreme Court of Virginia clarified its ruling in <u>Shifflett</u>, i.e. that a
defendant, but not the Commonwealth, may introduce relevant, admissible evidence relating to
punishment and that the trial judge's determination of relevance would be overturned only for a
clear abuse of discretion. <u>Id.</u> at 760, 636 S.E.2d at 433.

"[D]iscretion is vested in the trial court to determine, subject to the rules of evidence governing admissibility, the evidence which may be adduced in mitigation of the offense." Coppola, 220 Va. at 253, 257 S.E.2d at 804.

Virginia appellate courts have reviewed relevant evidence related to punishment on a number of occasions. See id. (finding evidence regarding the life sentence of a codefendant irrelevant); Runyon v. Commonwealth, 29 Va. App. 573, 513 S.E.2d 872 (1999) (disallowing evidence of the impact of imprisonment on accused's mental health); Caudill v. Commonwealth, 27 Va. App. 81, 497 S.E.2d 513 (1998) (finding the accused's wife's illness and dependency on accused not relevant); Pierce v. Commonwealth, 21 Va. App. 581, 583, 466 S.E.2d 130, 131 (1996) (holding testimony that defendant was a "good upstanding citizen" and a "loyal and loving son" relevant); Shifflett, 257 Va. 34, 510 S.E.2d 232 (upholding the trial court's refusal to allow evidence of the impact of incarceration on appellant's family and employment and finding a nonparticularized request to admit evidence of accused's "life history" not relevant).

"[T]he purposes underlying the punishment of criminal conduct include deterrence, incapacitation, rehabilitation and retribution." Byrd v. Commonwealth, 30 Va. App. 371, 375, 517 S.E.2d 243, 245 (1999) (citing Gilliam v. Commonwealth, 21 Va. App. 519, 524, 465 S.E.2d 592, 594 (1996)).

The jury's consideration of appellant's incarceration addresses none of the purposes of sentencing. In applying the factors of Code § 19.2-264.4(B) as they relate to Code § 19.2-295.1, we find appellant's pre-trial incarceration is not relevant to circumstances surrounding the offense, the history and background of the appellant, circumstances that tend to explain the offense, appellant's criminal record, mental condition and intellectual functioning of defendant, the age of appellant, or any other factor in mitigation of the offense.

As appellant conceded at oral argument, the only purpose of informing the jury of appellant's prior incarceration was to allow the jury to reduce appellant's sentence. However, in accordance with Code § 19.2-295.1, "[t]he jury's duty was to recommend sentence, not to consider alternative forms of punishment or sentence reduction." Runyon, 29 Va. App. at 577, 513 S.E.2d at 874 (citing Jones v. Commonwealth, 194 Va. 273, 279, 72 S.E.2d 693, 696 (1952)). "As a general rule, in determining a defendant's sentence, a jury is not permitted to consider what may happen to a defendant after the jury reaches its verdict." Booker v. Commonwealth, 276 Va. 37, 41, 661 S.E.2d 461, 463 (2008).

We conclude evidence of appellant's incarceration prior to the *nolle prosequi* of the original charges was irrelevant and was not evidence in mitigation of the offense.[5] The trial court did not abuse its discretion. We therefore affirm the trial court.

Affirmed.

---

[5] Because of our holding that time served prior to the *nolle prosequi* is not relevant, we need not address appellant's contention that the trial court erred in referencing Hudson v. Commonwealth, 9 Va. App. 110, 383 S.E.2d 767 (1989).