COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia

DANIEL CHINUA WEEKS
                                                                OPINION BY
v.        Record No. 2645-08-4                    JUDGE D. ARTHUR KELSEY
                                                            NOVEMBER 10, 2009
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
John R. Alderman, Judge Designate

Price Koch (Spencer Mayoras Henderson & Koch, PLC, on
brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (William C.
Mims, Attorney General, on brief) for appellee.


A jury found Daniel Chinua Weeks guilty of conspiracy to commit grand larceny. On

appeal, Weeks argues the trial court abused its discretion by not granting either his motion for a

mistrial or his later motion to set aside the verdict. The conspiracy verdict cannot stand, Weeks

reasons, because the jury disavowed it during the penalty phase of the trial. We agree, reverse

the conspiracy conviction, and remand for a retrial.

I.

The parties agree on the pertinent facts. During the guilt phase, the jury returned guilty

verdicts on charges of conspiracy to commit larceny of property "worth $200 or more" and

misdemeanor concealment. The trial court polled the jurors and confirmed their unanimous

agreement to the verdicts. During the penalty phase, however, the jury sent a note to the court:

> Your honor, after hearing your announcement [the sentencing
> instruction], we the jury did not realize that the guilty finding of
> conspiracy to commit larceny was a felony. What should we do?
> We thought it was a misdemeanor.

With the concurrence of both counsel, the court replied: "You have found the defendant guilty

of two offenses. You should impose such punishment as you feel is just under the evidence and

in the instructions of the court.  You are not to concern yourself with what may happen afterwards."  The jury thereafter wrote another note to the court:

> Your honor, we misread and obviously misunderstood [the conspiracy instruction].  We did not agree that the defendant was guilty of stealing property worth $200.00 or more.  We are not concerned about what will happen afterwards, we are concerned about doing our civic duty in fairness to this young man.

(Emphasis in original.)

Weeks's counsel moved for a mistrial on the ground that the jurors just "admitted" they made "grave errors" in their guilty verdict.  The trial court said it would "take it up later" and wrote a note back to the jury stating:  "You did not find the defendant guilty of stealing property worth two hundred dollars or more."  The jurors returned the court's note with a reply of their own:  "No, we did not.  Thus the confusion regarding the felony vs misdemeanor charge."  The trial court responded:  "The court cannot answer your question.  There are two charges for which you returned verdicts, one a felony and one a misdemeanor."

At this point, the jury forwarded another note directly asking the court:  "Can we change the verdict on the larceny charge?"  Weeks's counsel again moved for a mistrial.  Without responding to the mistrial motion, the court forwarded another note to the jury:  "The court cannot answer your question."  Moments later the jury delivered yet another note to the court:

> We are stuck on sentencing.  There is a huge issue regarding conviction to commit larceny as a felony as we did not believe the amount to be worth $200.00.  We believed it was less than $200.00.  Are we allowed to reduce the year on the larceny or the felonius [sic] charge?

The court again responded that it could not answer the jury's question.  The jury then asked if it was required to include both a term of incarceration and a fine in the sentence.  The court referred the jurors to the sentencing instructions which permitted either incarceration or a fine or both.

Having exhausted its efforts to upend the conspiracy verdict, the jury recommended a sentence of one year with six months suspended.[1] On the misdemeanor concealment charge, the jury recommended a sentence of one day in jail and $1 fine. Renewing his earlier arguments, Weeks moved to set aside the conspiracy verdict. The court denied the motion and entered final judgment.

## II.

Virginia recognizes a criminal defendant's constitutional right to a jury of his peers "without whose unanimous consent he cannot be found guilty." Va. Const., art. I, § 8; see also Rule 3A:17(a). The unanimity of a verdict can rarely, if ever, be undermined by speculative comments or questions from the jury prior to the verdict. As we recently explained:

> "A jury speaks only through its unanimous verdict. 'The verdict, as finally agreed upon and pronounced in court by the jurors, must be taken as the sole embodiment of the jury's act.'" Kennemore v. Commonwealth, 50 Va. App. 703, 709, 653 S.E.2d 606, 609 (2007) (citation omitted). "In Virginia, as elsewhere, the deliberations of jurors 'during retirement, their expressions, arguments, motives, and beliefs, represent that state of mind which must precede every legal act and *is in itself of no jural consequence*.'" Id. (quoting 8 Wigmore, Evidence § 2348, at 680 (McNaughton rev. 1961) (emphasis added)). "A question posed to the court during deliberations, after all, could suggest as little as the tentative views of a single juror." Id.

Couture v. Commonwealth, 51 Va. App. 239, 247-48, 656 S.E.2d 425, 429 (2008).

On the other hand, post-verdict juror statements disavowing unanimity are altogether different.[2] The common law has long recognized that, prior to its discharge, the jury retains

---

[1] None of the trial court's sentencing instructions invited the jurors to address the issue of a suspended sentence. Cf. Ronald J. Bacigal, Virginia Practice: Criminal Procedure § 19:1, at 571 (2008-09) ("If the jury returns a verdict recommending suspension of sentence, such recommendation is mere surplusage without legal effect and the trial judge may disregard the recommendation.").

[2] After a jury has announced its guilty verdict in open court, a single juror can negate the verdict by declaring his disagreement during individual juror polling. See Humbert v.

- 3 -

power over its verdict. See Sir Matthew Hale, Pleas of the Crown 299-300 (1847) ("If the jurors by mistake or partiality give their verdict in court, yet they may rectify their verdict before it is recorded, or by advice of the court go together again and consider better of it, and alter what they have delivered."); John Proffatt, Trial by Jury § 456, at 512 (1877) (noting that jurors, before being discharged, have "full control" over their verdict "either to alter it or withdraw from it"). In Virginia, as elsewhere, it has been "familiar practice" to allow jurors to "amend their verdict" prior to their discharge. Sledd v. Commonwealth, 60 Va. (19 Gratt.) 813, 823 (1870).

The Commonwealth rightly questions whether this principle can survive in the modern era of bifurcated criminal trials. We think so. Even in a bifurcated trial, a jury loses power over its guilty verdict only when it is "discharged" from service at the close of trial. Quesinberry v. Commonwealth, 241 Va. 364, 377, 402 S.E.2d 218, 226 (1991). Thus, "once a jury is discharged and leaves the presence of the court, it cannot be reassembled to correct a substantive defect in its verdict." Id.[3] Prior to discharge, however, the jury retains the power to revisit its guilty verdict. We thus reject the assertion that a jury is wholly "discharged from its responsibilities on the issue of guilt after its initial verdict" in a bifurcated proceeding. Id.; see also Quesinberry v. Taylor, 162 F.3d 273, 277 (4th Cir. 1998) (noting that, under Virginia's bifurcated system, a jury that has "neither been discharged nor left the presence of the court" may reconsider its guilty verdict).[4]

---

Commonwealth, 29 Va. App. 783, 793, 514 S.E.2d 804, 809-10 (1999); Carver v. Commonwealth, 17 Va. App. 7, 9, 434 S.E.2d 916, 917 (1993).

[3] See LeMelle v. Commonwealth, 225 Va. 322, 324, 302 S.E.2d 38, 39 (1983); Atkinson v. Neblett, 144 Va. 220, 237, 132 S.E. 326, 331 (1926) ("After the verdict has been received and the jury discharged . . . the control of the jury, and of the court over such verdict, is at an end. The court cannot alter it, nor can the jury be recalled to alter or amend it.").

[4] We acknowledge that *dicta* in prior cases may suggest otherwise. In Gray v. Commonwealth, 28 Va. App. 227, 234, 503 S.E.2d 252, 255 (1998), for example, we held that a defendant has no right to an instruction during the sentencing phase that merely "invite[s] the jury to reconsider issues it had already conclusively determined in the guilt phase." Going

- 4 -

That said, the jury's power to revisit its guilty verdict does not imply any right of the defendant to sow seeds of indecision during the sentencing phase in an effort to fluster the jury into reconsidering its earlier verdict. A defendant cannot inject "residual doubt" about his guilt into the sentencing phase. Kearney v. Commonwealth, 36 Va. App. 106, 108, 549 S.E.2d 1, 2 (2001). Nor does a defendant have any right to an instruction that, in context, merely "invite[s] the jury to reconsider issues it had already conclusively determined in the guilt phase." Gray v. Commonwealth, 28 Va. App. 227, 234, 503 S.E.2d 252, 255 (1998) (involving a bifurcated trial with inconsistent verdicts). Instead, during the sentencing phase, a defendant must limit his argument and evidence solely to issues related to sentencing. See Jones v. Commonwealth, 54 Va. App. 414, 679 S.E.2d 568 (2009).

In this case, without the slightest prompting, the jurors volunteered to the trial court that they "misread" and "obviously misunderstood" the conspiracy instruction and sought, albeit without success, to reconsider their guilty verdict on the conspiracy charge.[5] It only makes matters worse that the jurors were more confused than they even knew. Despite the clarity of the

---

beyond that narrow issue, we added a more sweeping assertion: "*Moreover*, the jury was without power to change the verdicts rendered at the conclusion of the guilt phase." Id. at 233, 503 S.E.2d at 255 (emphasis added). This alternative holding was *dicta*. See Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 383, 601 S.E.2d 648, 651 (2004) ("This alternative justification for the ruling was unnecessary to the holding. As such, it is *dicta*."); Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11-12 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*."). *Stare decisis*, of course, "cannot be properly applied without 'the need to distinguish an opinion's holding from its *dicta*.'" Newman v. Newman, 42 Va. App. 557, 565, 593 S.E.2d 533, 537 (2004) (*en banc*) (citation omitted).

[5] The jury's notes, moreover, cannot be reasonably thought to "suggest as little as the tentative views of a single juror." Kennemore, 50 Va. App. at 709, 653 S.E.2d at 609 (citation omitted). Each of the jury's notes purports to speak for *all* the jurors: "Your Honor . . . *we*, the jury, did not realize . . . . *We* thought . . . . *[W]e* misread and obviously misunderstood . . . . *We* did not agree . . . . *[W]e* are concerned . . . . Can *we* change the verdict . . . ." (Underscored emphasis in original, italicized emphasis added.) The confusion in those remarks evidences a collective inability to apprehend the point at issue, not an individual protestation of a single, disgruntled juror or subset of jurors.

conspiracy instruction and the trial court's efforts to reply to the jury's concerns, the jury persisted in the mistaken belief that it had convicted Weeks of a conspiracy charge that required a finding that he committed grand larceny. Thus, this is not a case in which we are asked to tease out of opaque jury notes subtle misapprehensions of law or fact. The jury's misunderstanding was unmistakable.

III.

Given these unique circumstances, the trial court abused its discretion by failing either to declare a mistrial or to set aside the verdict. We reverse the conspiracy conviction and remand the case for retrial on the conspiracy charge if the Commonwealth chooses to proceed. Cf. Humbert, 29 Va. App. at 793, 514 S.E.2d at 810 (remanding for retrial when jury unanimity reasonably in doubt); Carver, 17 Va. App. at 11, 434 S.E.2d at 918 (same).[6]

Reversed and remanded.

---

[6] At oral argument on appeal, Weeks suggested we should remand for the entry of a final judgment of acquittal. He cites no authority for such a result, and we know of none. Just as Weeks cannot be convicted without a unanimous verdict declaring his guilt, he cannot be acquitted absent a unanimous verdict declaring his innocence. Neither occurred in this case. And because Weeks raises no sufficiency challenge on appeal, no double jeopardy concerns preclude his retrial. See Gray v. Commonwealth, 220 Va. 943, 946, 265 S.E.2d 705, 706 (1980) (When a "reversal is for mere trial error, and not for evidentiary insufficiency, we will remand the case for a new trial." (citing Burks v. United States, 437 U.S. 1, 15 (1978))); see also Pollard v. Commonwealth, 220 Va. 723, 726, 261 S.E.2d 328, 330 (1980).